UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CASE NO.:  CASE NO. 2:12-cv-00371-KJD-GWF

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **JOSHUA KONIGSBERG, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT JOSHUA KONIGSBERG

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Joshua Konigsberg. In its Complaint, the Commission sought, among other relief against Konigsberg, a permanent injunction to prohibit violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)], entry of an order requiring Konigsberg to pay disgorgement and prejudgment interest, and the imposition of a civil money penalty pursuant to Section 20(d) of the Securities Act.

Konigsberg, by the attached Consent, has: entered a general appearance; consented to the Court's jurisdiction over Konigsberg and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. This Court, having accepted such Consent, having jurisdiction over Konigsberg and the subject matter of this action:

## I.

## PERMANENT INJUNCTION

## SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Konigsberg, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

## **CIVIL PENALTY, DISGORGEMENT AND PREJUDGMENT INTEREST**

**IT IS FURTHER ORDERED AND ADJUDGED** that Konigsberg shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from August 11, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Konigsberg will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Konigsberg may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## III.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated into this Judgment with the same force and effect as if fully set forth herein, and that Konigsberg shall comply with all of the undertakings and agreements set forth in the Consent.

## IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## V.

## RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in __Las Vegas__, Nevada, this __9__ day of __March__, 2012.

_____
**THE HONORABLE KENT J. DAWSON**
**UNITED STATES DISTRICT JUDGE**

Service on all parties and counsel of record

4