JEFFREY S. RUGG (Nevada Bar No. 10978)
jrugg@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:   (702) 382-2101
Facsimile:    (702) 382-8135

RANDY ZELIN
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530
Telephone:   212-873-2000
*PRO HAC VICE*

Attorneys for Defendant KEVIN CARSON

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRIME STAR GROUP, INC., ROGER MOHLMAN, DANNY COLON, MARYSOL MORERA, FELIX RIVERA, DC INTERNATIONAL CONSULTING LLC, KEVIN CARSON, ESPER GULLATT, JR., THE STONE FINANCIAL GROUP, INC. and JOSHUA KONIGSBERG<br><br>Defendants. | Case No.  2:12-cv-00371-KJD-GWF<br><br>**DEFENDANT KEVIN CARSON'S ANSWER TO COMPLAINT** |

Defendant Kevin Carson ("Carson"), by his attorney Randy Zelin of the law firm Moritt Hock & Hamroff LLP who has been admitted to practice in this court *pro hac vice*, and by and through local counsel Jeffrey S. Rugg of the law firm Brownstein Farber Hyatt Schreck LLP answers the complaint of plaintiff Securities and Exchange ("SEC") dated March 7, 2012 (the "Complaint"), and respectfully alleges:

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the complaint, except denies any wrongdoing;

2. Denies the allegations contained in sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the complaint; except denies any wrongdoing;

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the complaint; except denies any wrongdoing;

4. Denies the allegations contained in Paragraph 4 of the complaint;

5. Denies any basis for the relief sought in Paragraph 5 of the complaint, and denies any wrongdoing;

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the complaint; except specifically denies any wrongdoing;

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the complaint;

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the complaint;

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the complaint;

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the complaint;

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the complaint;

12. Admits the allegations contained in Paragraph 12 of the complaint; except that the terms "self employed" and "consultant" are legal terms, and begs leave of court for a determination as to the legal force and effect of these terms;

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the complaint;

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the complaint;

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the complaint;

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the complaint;

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the complaint; except denies any wrongdoing;

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the complaint; except admits that Carson did enter into an agreement, and begs leave of court to refer to its precise terms, legal force and effect, and denies any wrongdoing;

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the complaint; except denies any wrongdoing;

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the complaint; except denies any wrongdoing;

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the complaint; except denies any wrongdoing;

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the complaint; except denies any wrongdoing;

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the complaint; except denies any wrongdoing;

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the complaint; except denies any wrongdoing;

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the complaint; except denies any wrongdoing;

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the complaint; except denies any wrongdoing;

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the complaint; except admits receiving compensation in

the form of shares of stock in consideration for legitimate and lawful services to be performed; denies any wrongdoing;

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the complaint; denies any wrongdoing;

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the complaint; except admits that Carson did enter into an agreement, and begs leave of court to refer to its precise terms, legal force and effect, and denies any wrongdoing;

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the complaint; except denies any wrongdoing;

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the complaint; except admits: (a) receiving compensation in the form of shares of stock in consideration for legitimate and lawful services to be performed; (b) depositing those shares with a broker-dealer; (c) selling those shares lawfully; except denies any wrongdoing;

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the complaint; denies any wrongdoing;

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the complaint; denies any wrongdoing;

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the complaint; denies any wrongdoing;

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the complaint; except admits: (a) receiving compensation in the form of shares of stock in consideration for legitimate and lawful services to be performed; (b) depositing those shares with a broker-dealer; (c) selling those shares lawfully; except denies any wrongdoing;

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the complaint; denies any wrongdoing;

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the complaint; denies any wrongdoing;

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the complaint; denies any wrongdoing;

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the complaint; denies any wrongdoing;

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the complaint; denies any wrongdoing;

41. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the complaint; denies any wrongdoing;

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the complaint; denies any wrongdoing;

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the complaint; denies any wrongdoing;

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the complaint; denies any wrongdoing;

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the complaint; denies any wrongdoing;

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the complaint; denies any wrongdoing;

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the complaint; denies any wrongdoing;

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the complaint; denies any wrongdoing;

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the complaint; denies any wrongdoing;

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the complaint; denies any wrongdoing;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106-4614
(702) 382-2101

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the complaint; denies any wrongdoing;

52. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the complaint; denies any wrongdoing;

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the complaint; denies any wrongdoing;

54. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the complaint; except denies any wrongdoing;

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the complaint; except denies any wrongdoing;

56. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 55 of the complaint as if more fully set forth at length herein;

57. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the complaint; except denies any wrongdoing;

58. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the complaint; except denies any wrongdoing;

59. Denies the allegations contained in Paragraph 59 of the complaint;

60. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 60 of the complaint as if more fully set forth at length herein;

61. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the complaint; except denies any wrongdoing;

62. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the complaint; except denies any wrongdoing;

63. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 62 of the complaint as if more fully set forth at length herein;

64.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the complaint; except denies any wrongdoing;

65.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the complaint; except denies any wrongdoing;

66.     Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 65 of the complaint as if more fully set forth at length herein;

67.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the complaint; except denies any wrongdoing;

68.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the complaint; except denies any wrongdoing;

69.     Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 68 of the complaint as if more fully set forth at length herein;

70.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the complaint; specifically denies any wrongdoing;

71.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the complaint; except denies any wrongdoing;

72.     Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 71 of the complaint as if more fully set forth at length herein;

73.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the complaint; except denies any wrongdoing;

74.     Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 73 of the complaint as if more fully set forth at length herein;

75.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the complaint; except denies any wrongdoing;

76. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the complaint; except denies any wrongdoing;

77. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the complaint; except denies any wrongdoing;

78. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 77 of the complaint as if more fully set forth at length herein;

79. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the complaint; except denies any wrongdoing;

80. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 79 of the complaint as if more fully set forth at length herein;

81. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the complaint; except denies any wrongdoing;

82. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the complaint; except denies any wrongdoing;

83. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the complaint; except denies any wrongdoing;

84. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 83 of the complaint as if more fully set forth at length herein;

85. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the complaint; except denies any wrongdoing;

86. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 85 of the complaint as if more fully set forth at length herein;

87. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the complaint (and there appears to be a typographical

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106-4614
(702) 382-2101

error); specifically denies any wrongdoing;

88. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the complaint; except denies any wrongdoing;

89. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 88 of the complaint as if more fully set forth at length herein;

90. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the complaint; except denies any wrongdoing;

91. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the complaint; except denies any wrongdoing;

92. Denies the allegations contained in Paragraph 92 of the complaint; except denies any wrongdoing;

93. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 92 of the complaint as if more fully set forth at length herein;

94. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the complaint; except denies any wrongdoing;

95. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the complaint; except denies any wrongdoing;

96. Repeats, reiterates and realleges each and every allegation statement in answer to the allegations contained in Paragraph s 1 through 95 of the complaint as if more fully set forth at length herein;

97. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the complaint; except denies any wrongdoing;

98. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the complaint; except denies any wrongdoing;

99. With respect to the "Relief Requested", Carson respectfully seeks an order:

    a. Declaring, determining and finding that Carson did not commit the violations

of the federal securities laws alleged in the complaint;

    b. Denying the issuance of a permanent injunction as against Carson;

    c. Finding that no civil penalty should be paid by Carson;

100. Finding that no "Penny Stock Bar" should be issued as against Carson;

### FOR A FIRST AFFIRMATIVE DEFENSE

1. The SEC's claims are barred in whole or in part to the extent that the complaint fails to state a cause of action against Carson for which relief may be granted to plaintiff;

### FOR A SECOND AFFIRMATIVE DEFENSE

2. Carson has no liability as he did not knowingly nor willfully violate any federal securities laws.

### FOR A THIRD AFFIRMATIVE DEFENSE

3. Carson, at all times, acted in good faith, and did not know; nor in the exercise of reasonable care could he have known, of any alleged violations of federal securities laws committed by others..

### FOR A FOURTH AFFIRMATIVE DEFENSE

4. At no time did Carson act with the requisite intent to deceive, manipulate or defraud anyone.

### DEMAND FOR JURY TRIAL

5. Trial by jury is respectfully demanded pursuant to Rule 38 of the Federal Rules of Civil Procedure.

///
///
///
///

## **RESERVATION OF RIGHTS**

Carson respectfully reserves the right to allege additional defenses and/or affirmative defenses to the extent same becomes known during the course of discovery, and further respectfully reserves the right to amend his answer as a matter of right, or with leave of court, to allege such additional defenses and/or affirmative defenses.

DATED this 18th day of May, 2012   Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jeffrey S. Rugg
　　Jeffrey S. Rugg (Nevada Bar No. 10978)
　　100 North City Parkway, Suite 1600
　　Las Vegas, Nevada 89106-4614

　　Randy Zelin
　　Moritt Hock & Hamroff LLP
　　400 Garden City Plaza
　　Garden City, NY 11530
　　*PRO HAC VICE*

Attorneys for Defendant Kevin Carson.

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP, and that a true and correct copy **of DEFENDANT KEVIN CARSON'S ANSWER TO THE COMPLAINT** was served via electronic service, via CM/ECF, on this 18th day of May, 2012, and to the address(es) shown below:

| | | |
|---|---|---|
| **Edward D. McCutcheon**<br>Securities and Exchange Commission<br>801 Brickell Avenue<br>Miami, FL 33131<br>305-982-6380<br>305-536-4154 (fax)<br>mccutcheone@sec.gov<br><br>**Blaine T Welsh**<br>U.S. Attorney's Office<br>333 Las Vegas Blvd So<br>Suite 5000<br>Las Vegas, NV 89101-<br>Blaine.Welsh@usdoj.gov<br> *Assigned: 03/07/2012*<br> *LEAD ATTORNEY*<br> *ATTORNEY TO BE NOTICED* | representing | **Securities and Exchange Commission**<br>*(Plaintiff)* |

**Defendants**

| | | |
|---|---|---|
| **Esper Gullatt, Jr.** | represented by | **Esper Gullatt, Jr.**<br>17532 E. Dickenson Place<br>Aurora, CO 80013<br>720-297-8335<br>PRO SE |
| **The Stone Financial Group, Inc.** | represented by | **The Stone Financial Group, Inc.**<br>c/o Esper Gullatt<br>17532 E. Dickenson Place<br>Aurona, CO 80013<br>720-297-8335<br>PRO SE |

/s/ Karen Mandall
an employee of Brownstein Hyatt Farber Schreck, LLP

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106-4614
(702) 382-2101