Edward D. McCutcheon
Florida Bar Number 683841
Direct Dial:  (305) 982-6380
Facsimile: (305) 536-4154
E-mail: mccutcheone@sec.gov

Attorney for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone:    (305) 982-6300
Facsimile:    (305) 536-4154

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO. 2:12-cv-00371-KJD-GWF** |
| | : | |
| **PRIME STAR GROUP, INC.,** | : | |
| **ROGER MOHLMAN, DANNY COLON,** | : | |
| **MARYSOL MORERA, FELIX RIVERA,** | : | |
| **DC INTERNATIONAL CONSULTING LLC,** | : | |
| **KEVIN CARSON, ESPER GULLATT, JR.** | : | |
| **THE STONE FINANCIAL GROUP, INC. and** | : | |
| **JOSHUA KONIGSBERG,** | : | |
| | : | |
| **Defendants.** | : | |

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT PRIME STAR GROUP, INC.

Plaintiff Securities and Exchange Commission commenced this action by filing its

Complaint against, among others, Defendant Prime Star Group, Inc. ("Prime Star").   In its

Complaint, the Commission sought, among other relief against Prime Star, a permanent

injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933

("Securities Act"), [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)]; Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) and Rules 10b-5, 12b-20, 13a-1 and 13a-13 of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. §§ 78m(a), 78m(b)(2)(a) and 78m(b)(2)(b) and 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13].

Prime Star, by the attached Consent, without admitting or denying any of the allegations in the Complaint, except that it acknowledges service of the Complaint on it and admits the jurisdiction of this Court over it and over the subject matter of this action, has agreed to the entry of this Judgment of Permanent Injunction and Other Relief as to Defendant Prime Star Group, Inc. ("Final Judgment"). Prime Star also has waived findings of fact and conclusions of law and has waived any right to appeal from this Final Judgment. This Court, having accepted Prime Star's Consent and having jurisdiction over it and the subject matter of this action, and having considered the record in this case, orders as follows:

## I.

### SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Prime Star and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II.**

**SECTION 17(a) OF THE SECURITIES ACT**

**IT IS FURTHER ORDERED AND ADJUDGED** that Prime Star, its officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

3

made, in light of the circumstances under which they were made, not misleading;
or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

**SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER**

**IT IS FURTHER ORDERED AND ADJUDGED** that Prime Star, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4

## IV.

### SECTION 13(a) OF THE EXCHANGE ACT
### AND RULES 12b-20 AND 13a-1 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Prime Star, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him, and each of them who receive actual notice of this Final Judgment by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly or indirectly, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m], and Rules 12b-20 and 13a-1 [17 C.F.R. §§ 240.12b-20 and 240.13a-1], by failing to file reports with the Commission that accurately reflect its financial performance.

## V.

### SECTIONS 13(b)(2)(A),  13(b)(2)(B) AND
### RULE 13a-13 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Prime Star, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, and each of them, who receive notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], and Rule 13a-13 [17 C.F.R. §§ 240.13a-13] by failing to:

    (a)    make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer; and

    (b)    devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(i)     transactions are executed in accordance with management's general or specific authorization;

(ii)     transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

(iii)     access to assets is permitted only in accordance with management's general or specific authorization; and

(iv)     the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

## INCORPORATION OF PRIME STAR'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Defendant Prime Star Group, Inc. to Final Judgment of Permanent Injunction and Other Relief is incorporated herein with the same force and effect as if fully set forth herein, and that Prime Star shall comply with all of the undertakings and agreements set forth therein.

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and over Prime Star in order to enforce the terms of this Final Judgment and to implement and carry out the terms of all Orders and Decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VIII.

## <u>CERTIFICATION UNDER RULE 54(b)</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this <u> 21 </u> day of <u>    May    </u>, 2012 at Las Vegas, Nevada.

_____
**HON. KENT J. DAWSON**
**UNITED STATES DISTRICT COURT JUDGE**