Edward D. McCutcheon
Florida Bar Number 683841
Direct Dial:  (305) 982-6380
Facsimile: (305) 536-4154
E-mail: mccutcheone@sec.gov

Attorney for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone:	(305) 982-6300
Facsimile:	(305) 536-4154

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| **Plaintiff,** | : |
| v. | : CASE NO. 2:12-cv-00371-KJD-GWF |
| **PRIME STAR GROUP, INC., ROGER MOHLMAN, DANNY COLON, MARYSOL MORERA, FELIX RIVERA, DC INTERNATIONAL CONSULTING LLC, KEVIN CARSON, ESPER GULLATT, JR. THE STONE FINANCIAL GROUP, INC. and JOSHUA KONIGSBERG,** | : |
| **Defendants.** | : |

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ROGER MOHLMAN**

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Roger Mohlman ("Mohlman").  In its Complaint, the Commission sought, among other relief against Mohlman:

- A permanent injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Sections 10(b) and 13(b)(5) and Rules 10b-5, 13a-14, 13b2-1 and 13b2-2 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5) and 17 C.F.R. §§ 240.10b-5, 240.13a-14; 240.13b2-1 and 240.13b2-2]; and aiding and abetting any violations of Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) and Exchange Act Rules 10b-5, 12b-20, 13a-1 and 13a-13 [15 U.S.C. §§ 78m(a), 78m(b)(2)(a) and 78m(b)(2)(b) and 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13];
- A penny stock bar;
- An officer and director bar; and
- An order providing for disgorgement plus prejudgment interest; and a civil money penalty.

Mohlman, by the attached Consent, without admitting or denying the allegations in the Complaint, except that he acknowledges service of the Complaint on him and admits the jurisdiction of this Court over him and over the subject matter of this action, has agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief as to Defendant Roger Mohlman ("Final Judgment"). Mohlman also has waived findings of fact and conclusions of law and has waived any right to appeal from this Final Judgment. This Court, having accepted Mohlman's Consent and having jurisdiction over him and the subject matter of this action, and having considered the record in this case, orders as follows:

# I.

## **SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT**

**IT IS ORDERED AND ADJUDGED** that Mohlman and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

### SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Mohlman, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

### SECTION 10(b) OF THE EXCHANGE ACT
### AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Mohlman, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using

any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

### AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTION 10(b) AND RULE 10b-5

**IT IS FURTHER ORDERED AND ADJUDGED** that Mohlman, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(b) [17 C.F.R. § 240.10b-5(b)] by knowingly providing substantial assistance to an issuer that uses any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

## V.

## SECTION 13(b)(5) OF THE EXCHANGE ACT
## AND RULES 13a-14, 13b2-1 AND 13b2-2

**IT IS FURTHER ORDERED AND ADJUDGED** that Mohlman, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment by personal service or otherwise, are hereby permanently restrained and enjoined from:

(a) knowingly circumventing or failing to implement a system of internal accounting controls or falsify books, records or accounts in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)];

(b) falsifying or causing to be falsified books, records or accounts subject to Section 13(b)(2) of the Exchange Act in violation of Rule 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1]; and

(c) as an officer or director of an issuer, in connection with the preparation of an audit, review or examination of the financial statements of the issuer, or the preparation or filing of any document or report required to be filed with the Commission, make or caused to be made, misrepresentations or omissions to an accountant, in violation of Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2]; and

(d) as an officer and director of an issuer, in connection with each annual and quarterly reports, make or caused to be made, a false certification in violation of Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14].

## VI.

### AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTION 13(a) AND RULES 12b-20 AND 13a-1

**IT IS FURTHER ORDERED AND ADJUDGED** that Mohlman, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m], and Rules 12b-20 and 13a-1 [17 C.F.R. §§ 240.12b-20 and 240.13a-1], by knowingly providing substantial assistance to an issuer that fails to file reports with the Commission that accurately reflect its financial performance.

## VII.

### AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTIONS 13(b)(2)(A), 13(b)(2)(B) AND RULE 13a-13

**IT IS FURTHER ORDERED AND ADJUDGED** that Mohlman, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him, and each of them, who receive notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], and Rule 13a-13 [17 C.F.R. §§ 240.13a-13] by knowingly providing substantial assistance to an issuer that fails to:

(a) make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer; and

(b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    (i) transactions are executed in accordance with management's general or specific authorization;

    (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

    (iii) access to assets is permitted only in accordance with management's general or specific authorization; and

    (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VIII.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g); and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), Mohlman is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Exchange Act Rule 3a51-1, 17 C.F.R. 240.3a51-1.

IX.

**OFFICER AND DIRECTOR BAR**

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Mohlman is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

X.

**DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Mohlman shall pay disgorgement of $45,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,250.84. Mohlman is further liable for a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Securities Exchange Act of 1933 ("Securities Act"), 15 U.S.C. § 78u(d)(3). The total amount, $178,250.84, shall be due and payable within 14 days of entry of the Final Judgment. Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to: U.S. Securities and Exchange Commission, Enterprise Services Center Accounts Receivable Branch, 6500 S. MacArthur Blvd. Oklahoma City, OK 73169 and shall be accompanied by a letter identifying Mohlman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to the Final Judgment. Mohlman shall simultaneously transmit photocopies of such payment and letter to

Edward D. McCutcheon, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131.  Mohlman shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Mohlman shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Mohlman pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Mohlman further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Mohlman pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## XI.

### INCORPORATION OF MOHLMAN'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Roger Mohlman to Final Judgment and Other Relief is incorporated herein with the same force and effect as if fully set forth herein, and that Mohlman shall comply with all of the undertakings and agreements set forth therein.

## XII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and over Mohlman in order to enforce the terms of this Final Judgment and to

implement and carry out the terms of all Orders and Decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## XIII.

### CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this 20th day of July, 2012 at Las Vegas, Nevada.

_____
**HON. KENT J. DAWSON**
**UNITED STATES DISTRICT COURT JUDGE**