Edward D. McCutcheon
Attorney for Plaintiff
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Direct Dial: (305) 982-6380
Facsimile: (305) 536-4154
E-mail: mccutcheone@sec.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CASE NO.:  2:12-CV-00371-KJD-GWF

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| PRIME STAR GROUP, INC., ROGER MOHLMAN, DANNY COLON, MARYSOL MORERA, FELIX RIVERA, DC INTERNATIONAL CONSULTING LLC, KEVIN CARSON, ESPER GULLATT, JR., THE STONE FINANCIAL GROUP, INC. and JOSHUA KONIGSBERG, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS ESPER GULLATT JR. AND STONE FINANCIAL GROUP**

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion and Memorandum of Points And Authorities In Support of Default Judgments of Permanent Injunction And Other Relief Against Defendants Esper Gullatt Jr. and Stone Financial Group Inc.  Having considered the motion and the entire record, the

Court enters the following order granting the Plaintiff's motion and imposing Default Judgments of Permanent Injunction and Other Relief against both Defendants:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over the Defendants and the subject matter of this action. Venue is proper in the District of Nevada.

2. Each of the Defendants was properly served with a copy of the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Thus, each Defendant has proper notice of this action.

3. Defendants' responsive pleadings were due by July 2, 2012. However, neither has answered or otherwise responded to the complaint as required by the Federal Rules of Civil Procedure.

5. The clerk entered defaults against both defendants on July 12, 2012.

6. By virtue of their defaults, and the failures of each Defendant to respond to the complaint, the Defendants are deemed to have admitted the allegations of the complaint, and liability is established against each of them. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986), *modified*, 807 F.2d 1514 (1987). Accordingly, the Court finds the Defendants committed the violations alleged in the complaint.

7. None of the individual Defendants is an infant or an incompetent person, and has no guardian, committee, conservator or other such person appearing on his behalf.

Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion and Memorandum of Points And Authorities In Support of Default Judgments of Permanent Injunction And Other Relief Against Defendants Esper Gullatt Jr. and Stone Financial Group Inc. is **GRANTED**. Default Judgment is entered against the Defendants as follows:

## I.

## PERMANENT INJUNCTIONS

**IT IS FURTHER ORDERED AND ADJUDGED** that Gullatt, Stone Financial, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or

offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

## DISGORGEMENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Gullatt and Stone Financial are liable, on a joint and several basis, for disgorgement of $169,763.08, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $17,614.62, for a total of $187,377.70, for which let execution issue.

Each Defendant shall satisfy their obligation by paying the respective ordered amount(s) to the Securities and Exchange Commission within 14 days after entry of this Judgment.

Each Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  The Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch

      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying him, her or it as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making a payment, a Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Esper Gullatt is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

### IV.

### CIVIL MONEY PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants each shall pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). The amount of the civil penalty shall be determined by the Court upon motion of the Commission that the Commission must file within 90 days of the date of this Order.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and the Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

### V.

### RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

      **DONE AND ORDERED** in Chambers at Las Vegas, Nevada, this \_\_17\_\_ day of \_\_September\_\_, 2012.

                                                                        **HON. KENT J. DAWSON**
                                                                        **UNITED STATES DISTRICT JUDGE**

Copies to counsel and parties of record