UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIME STAR GROUP, INC.,<br>ROGER MOHLMAN, DANNY COLON,<br>MARYSOL MORERA, FELIX RIVERA,<br>DC INTERNATIONAL CONSULTING LLC,<br>KEVIN CARSON, ESPER GULLATT, JR.,<br>THE STONE FINANCIAL GROUP, INC. and<br>JOSHUA KONIGSBERG,<br><br>    Defendants. | CASE NO.: 2:12-cv-00371-APG-GWF<br><br><br><u>J U D G M E N T</u> |

### JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
### AS TO DEFENDANT KEVIN CARSON

Plaintiff Securities and Exchange Commission having filed a Complaint seeking, among other things, a permanent injunction prohibiting Defendant Kevin Carson from violating the registration provisions of the federal securities laws; and Carson, by the attached Consent, having: entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment; and the Court accepting such Consent and having jurisdiction over Carson and the subject matter of this action:

1

I.

**PERMANENT INJUNCTION**

**SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Carson, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and § 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

## **DISGORGEMENT, CIVIL PENALTY, AND PENNY STOCK BAR**

**IT IS FURTHER ORDERED AND ADJUDGED** that Carson shall pay disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from October 23, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Upon motion of the Commission, the Court shall determine whether a penny stock bar pursuant to Section 20(g) of the Securities Act, 15 U.S.C. §77t(g) is appropriate and, if so, the duration of the bar.  In connection with the Commission's motion for disgorgement, civil penalty, and/or penny stock bar, and at any hearing held on such a motion: (a) Carson will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Carson may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Carson is incorporated herein with the same force and effect as if fully set forth herein, and that Carson shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### V.

### CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Las Vegas, Nevada, this __15th__ day of __May_____, 2013.

_____
UNITED STATES DISTRICT JUDGE

Copies to counsel and parties of record