Christine Nestor
Attorney for Plaintiff
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Direct Dial:  (305) 982-6367
Facsimile: (305) 536-4154
E-mail: nestorc@sec.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : : : : | |
| **Plaintiff,** | : : | **Case No.: 2:12-cv-371-APG-GWF** |
| **v.** | : : | |
| **PRIME STAR GROUP, INC., ROGER MOHLMAN, DANNY COLON, MARYSOL MORERA, FELIX RIVERA, DC INTERNATIONAL CONSULTING LLC, KEVIN CARSON, ESPER GULLATT, JR., THE STONE FINANCIAL GROUP, INC. and JOSHUA KONIGSBERG,** | : : : : : : : | |
| **Defendants.** | : : | |
| _____ | : | |

### JUDGMENT SETTING DISGORGEMENT AND PREJUDGMENT INTEREST, AND IMPOSING A PENNY STOCK BAR AGAINST DEFENDANT KEVIN CARSON

THIS MATTER is before the Court on Plaintiff's motion and memorandum of points and authorities seeking to set disgorgement and prejudgment interest, and impose a penny stock bar against Defendant Kevin Carson ("Carson") (DE 76 ).  The Court has fully considered the motion, the record, and being fully advised in the premises:

**IT IS ORDERED AND ADJUDGED** that the Plaintiff's motion is **GRANTED** and Judgment is entered against Carson as follows:

## I.    DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that Carson is liable for disgorgement of $113,866 representing ill-gotten gains received as a result of Carson's violations of the federal securities laws, together with $17,255.02 in prejudgment interest thereon, for a total of $131,121.02.

## II. PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. §77t(g), Carson is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. §240.3a51-1].

## III.  PAYMENT INSTRUCTIONS

**IT IS FURTHER ORDERED AND ADJUDGED** Carson shall satisfy his obligation to pay disgorgement and prejudgment interest by paying $131,121.02 to the Securities and Exchange Commission within fourteen (14) days from the date of entry of this Judgment.

Carson may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.   Carson may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Carson as a defendant in this action; and specifying that payment is made pursuant to this Judgment.  Carson shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Carson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Carson.  The Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest, by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of the Judgment.  Carson shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV. CIVIL MONEY PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Carson shall pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).  The amount of the civil penalty shall be determined by the Court upon motion of the Commission

## V.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and Carson in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VI.  RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Las Vegas, Nevada, this 19th day of

_____May_____, 2014.

 

_____

**HON. ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**

Copies to:  counsel and parties of record